**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

———————————————————

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

      Plaintiff,

      v.                            Case No. 12-CV-7927

GEI FINANCIAL SERVICES, INC.,
NORMAN GOLDSTEIN, and
LAURIE GATHERUM,                    Hon. Judge Charles P. Kocoras

      Defendants.

———————————————————

## PLAINTIFF'S MOTION FOR FINAL JUDGMENT

Plaintiff Securities and Exchange Commission ("SEC"), pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, respectfully asks this Court to enter final judgment against Defendants GEI Financial Services, Inc., Norman Goldstein ("Goldstein"), and Laurie Gatherum ("Gatherum") imposing permanent injunctions, disgorgement with prejudgment interest, and civil penalties. In support of this motion and in lieu of a memorandum, the SEC states as follows:

1.      The SEC filed this lawsuit on October 3, 2012, alleging that GEI Financial, and its owners Goldstein and Gatherum, violated the Investment Advisers Act of 1940 ("Advisers Act") by, among other things, taking over $147,000 in excessive fees and capital withdrawals from the GEI Health Care Fund 2001, L.P. (the "Fund"). (Docket No. 1 at ¶ 1) After initially filing an Answer (Docket No. 18), defense counsel withdrew (Docket No. 24 and 27). At this point, Goldstein and Gatherum ceased to defend themselves against the SEC's claims, and GEI Financial was no longer represented by counsel.

2.      Subsequently, the SEC filed a motion for default and for a default judgment. (Docket No. 30 to 32)  The SEC asked the court to find Defendants in default, impose permanent injunctions and order disgorgement with prejudgment interest totaling $161,485.27.  (Docket No. 30 at Exhibit 1)  The Court granted the motion, finding defendants in "default," and setting a "status hearing … for entry of judgment."   (Docket No. 34)  The Court postponed the entry of permanent injunctions and disgorgement because, at the time the motion was filed, the SEC was seeking internal approval to bring a separate motion seeking the imposition of civil penalties and final judgment.  (Docket No. 31 at 1)

3.      Accordingly, in addition to the relief sought in the prior motion for default, the SEC now requests that the Court order:  (a) a civil penalty of $450,000 against GEI Financial; (b) a civil penalty of $300,000 against Goldstein; and (c) a civil penalty of $150,000 against Gatherum.[1]

4.      Section 209(e) of the Advisers Act authorizes the SEC to seek, and a district court to impose, a civil penalty whenever the court finds that any person has violated any provision of the Act.  *See* 15 U.S.C. § 80b-9(e)(1).  Civil penalties are intended to deter future violations of the securities laws.  *SEC v. Palmisano*, 135 F.3d 860, 866 (2d Cir. 1998).  The Advisers Act provides for three tiers of penalties depending on the severity and nature of each violation.  The amounts of the penalties are periodically adjusted for inflation.  The maximum penalty amounts per third-tier violation for violations after March 3, 2009 (when most of Defendants' violations occurred) is $150,000 for a "natural person" (*i.e.*, an individual) and $725,000 for "any other person" (*i.e.*, a corporation).  15 U.S.C. § 80b-9(e)(2)(C); 17 C.F.R. § 201.1004 (2009); 70 FR

---

[1] This motion will not discuss all of Defendants' misconduct and securities violations because a complete account is in the SEC's memorandum and supporting declaration for default judgment. (*See* Docket Nos. 30-32)  Nor will the SEC repeat its prior arguments for the imposition of injunctions and an order of $161,485.27 of disgorgement, plus prejudgment interest (*Id.*)

9159 (Mar. 3, 2009). Courts may consider the following factors in determining the appropriateness and amount of the penalty: (1) the egregiousness of the defendant's conduct; (2) the degree of the defendant's *scienter*; (3) whether the defendant's conduct created substantial losses to other persons: (4) whether the defendant's conduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition. *See SEC v. Opulentica, LLC*, 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007).

5.      Based on these factors, the Court should impose significant civil penalties against all Defendants. Over a period of five years, Defendants displayed a high degree of *scienter* as they misappropriated $147,386.27 from the Fund through excessive fees and other capital withdrawals. (*See* Docket No. 30 at 8-9 and 20-23) Defendants also hid from their clients material changes to the Fund's partnership agreement – such as removing a benchmark and high water mark from fee calculations – which allowed Defendants to take fees they did not earn. (*Id.* at 6 and 8-9) Defendants not only allowed Goldstein – whose securities registrations were revoked by the State of Illinois in 2011 – to manage millions of dollars of investments, they never told clients about the revocations. (*Id.* at 9-10) Defendants also never created, maintained, or enforced a compliance program or made required filings with the SEC. (*Id.* at 8 and 15-18) Defendants never corrected these long-standing compliance failures, despite assuring SEC examiners in 2008 that these problems would be fixed. (*Id.*) All told, Defendants profited $147,386.27 from their fraud and engaged in misconduct that not only put their clients' money at significant risk, but was in complete and deliberate "disregard of … regulatory requirement[s]." 15 U.S.C. § 80b-9(e)(2)(C).

6.      Defendants' misconduct justifies the imposition of third-tier penalties, and the SEC requests that the Court order civil penalties of $450,000 from GEI Financial, $300,000 from

Goldstein, and $150,000 from Gatherum.[2] Although these are significant penalties, the SEC is not seeking the maximum amount permitted *for each* violation. Instead, the penalties requested are comparable to other cases involving similar conduct and default judgments. *See, e.g.*, *SEC. v. Kapur*, No. 11-8094, 2012 WL 5964389, at * 1 (S.D.N.Y. Nov. 29, 2012) (imposing third-tier penalties against investment adviser for misstating performance and fees); *SEC v. Lines*, No. 07-11387, 2011 WL 3627695, at *2 (S.D.N.Y., Aug. 16, 2011) (ordering third-tier penalties against individual defendant as part of default judgment); *SEC v. Clark*, No. 09-3423, 2010 WL 890247, at *2 (N.D. Cal., Mar. 8, 2010) (imposing third-tier civil penalty against individual as part of default judgment); *SEC. v. Manterfield*, No. 07-10712, 2009 WL 935953, at *1-2 (D. Mass., Apr. 8, 2009) (imposing a third-tier penalties against investment adviser as part of default judgment); *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 426 (D. Md. 2005) (imposing third-tier penalty against individual defendant as part of default judgment).

7.     The penalties against Goldstein and Gatherum also take into account their differing levels of culpability. Although Gatherum is the majority owner of GEI Financial, Goldstein was in charge of GEI Financial's operations, oversaw the Fund's books and records approved all fee calculations, and made all investment decisions for GEI Financial's clients. (Docket No. 31 at 5 and 7) Goldstein was also stripped of his securities registrations, yet he ignored the State of Illinois' order of revocation and continued to make investment decisions for

---

[2] As of this date, Defendants have not shown a reason why civil penalties should be reduced because of an inability to pay. Before defense counsel withdrew, they advised the SEC that Goldstein and Gatherum were indebted, have little if any savings, and have large and ongoing medical expenses. The SEC asked for evidence of Defendants' income and financial status, such as current bank and brokerage records, and a description of all assets, liabilities, and ongoing expenses, as well as a production of current bank and brokerage accounts. In March 2013, the SEC received a few bank and brokerage statements from late 2012. These statements showed, among other things, a small checking account balance and nearly $180,000 of investments. The SEC, however, did not get key information about Defendants' finances. Accordingly, Defendants have never given the SEC a complete and current description of their income, assets, liabilities, and financial condition.

advisory clients. (*Id.* at 9-10)  The SEC contends that it is necessary to impose higher civil penalties against Goldstein in order to address all of his improper conduct and to distinguish his misconduct from Gatherum.

8.      The penalties also take into account Defendants' pecuniary gain.  As outlined in the SEC's memorandum of law in support for default judgment and accompanying declaration, Defendants took $92,424.40 in excessive fees from the Fund and $54,961.87 of inappropriate capital withdrawals for a total of $147,386.27.  (Docket No. 31 at 8-9 and 20-22; Decl. of Malinda Pileggi at ¶¶ 6-11)  Along with prejudgment interest, the SEC has provided sufficient evidence for its total request of $161,485.27 in disgorgement and prejudgment interest.  (*Id.*)  A penalty of $450,000 against GEI Financial is roughly three times the firm's known pecuniary gain.   Likewise, a $300,000 penalty against Goldstein is nearly twice the amount of disgorgement sought by the SEC, while Gatherum's penalty is approximately equal to the disgorgement amount.  The SEC contends that the civil penalties sought here are necessary to deter Defendants, and other investment advisers, from similar violations in the future.

**WHEREFORE**, for the above reasons and as set forth in Plaintiff's motion for default judgment and supporting memorandum and declaration, Plaintiff respectfully requests that the Court enter a final judgment against Defendants in the form emailed to chambers imposing (1) permanent injunctions; (2) $161,485.27 in disgorgement with prejudgment interest; and (3) penalties pursuant to Section 209(e) of the Advisers Act of $450,000 against GEI Financial, $300,000 against Normal Goldstein, and $150,000 against Lori Gatherum.

Dated:  July 23, 2013                    By:  */s/ Andrew Shoenthal*
                                             Robert M. Moye (MoyeR@sec.gov)
                                             Andrew Shoenthal (ShoenthalA@sec.gov)
                                             Chicago Regional Office
                                             175 West Jackson Boulevard, Suite 900
                                             Chicago, IL 60604
                                             Telephone:  312.353.7390
                                             Fax:  312.353.7398

                                             *Plaintiff United States Securities and*
                                             *Exchange Commission*

## CERTIFICATE OF SERVICE

I, Andrew Shoenthal, hereby certify that, on July 23, 2013, I caused a copy of the

foregoing **Plaintiff's Motion for Final Judgment** to be served upon all parties of record via the

Court's ECF system and by UPS, fax, and email:

> GEI Financial Services, Inc.
> Norman Goldstein
> Laurie Gatherum (lgatherum@geifinancial.com)
> 161 East Chicago Avenue
> Unit 52H
> Chicago, IL 60611
> Facsimile: 312.751.9525

> */s/ Andrew Shoenthal*
> Andrew Shoenthal