AO 450 (Rev. 01/09)   Judgment in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| United States Securities and Exchange Commission | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    12 C 7927 |
| GEI Financial Services, Inc., Norman Goldstein, and Laurie Gatherum | ) |
| *Defendant* | ) |

## AMENDED JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

❏ the plaintiff *(name)* _____ recover from the defendant *(name)* _____ the amount of _____ dollars ($ _____ ), which includes prejudgment interest at the rate of _____ %, plus postjudgment interest at the rate of _____ %, along with costs.

❏ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____ recover costs from the plaintiff *(name)* _____
_____ .

■ other:

## <u>PERMANENT INJUNCTIONS</u>

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)] by, while acting as an investment adviser, by the use of the means and instrumentalities of interstate commerce and of the mails, directly or indirectly, employing devices, schemes, and artifices to defraud its clients and prospective clients, or engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon its clients and prospective clients.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice

of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8(a)(1) thereunder [17 C.F.R. § 275.206(4)-8(a)(1)] by, while acting as an investment adviser to a pooled investment vehicle, by the use of the means and instrumentalities of interstate commerce and of the mails, making untrue statements of material fact or omitting to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rule 204-2 thereunder [17 C.F.R. § 275.204-2] by, while acting as a registered investment adviser who makes use of the mails or of any means or instrumentality of interstate commerce in connection with its business as an investment adviser, failing to make and keep true, accurate, and current records including, but not limited to, a code of ethics, internal policies and procedures designed to prevent violations of the securities laws, annual reviews of these policies and procedures, and written acknowledgments of its employees that they have received and reviewed the code of ethics and internal policies and procedures designed to prevent violations of the securities laws.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-7 thereunder [17 C.F.R. § 275.206(4)-7] by, while acting as an investment adviser who makes use of the mails or of any means or instrumentality of interstate commerce in connection with its business as an investment adviser, directly or indirectly, engages in acts, practices, and courses of business that are fraudulent, deceptive and manipulative, by not adopting

and implementing written policies and procedures reasonably designed to prevent violations, by the investment adviser and its supervised persons of the Advisers Act and the rules that the SEC has adopted under the Advisers Act; not reviewing, no less frequently than annually, the adequacy of the policies and procedures established and the effectiveness of their implementation; and not designating an individual responsible for administering the written policies and procedures.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 204 of the Advisers Act [15 U.S.C. § 80b-4] and Rules 204-1 and 204-3 thereunder [17 C.F.R. §§ 275.204-1 and 275.204-3] by, while acting as a registered investment adviser, does not amend its Form ADV at least annually, within 90 days of the end of its fiscal year, or more frequently as required by the instructions to the Form ADV, and does not deliver a brochure and one or more brochure supplements to each client or prospective client that contains all information required by Part 2 of Form ADV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 204A of the Advisers Act [15 U.S.C. § 80b-4a] and Rule 204A-1 thereunder [17 C.F.R. § 275.204A-1] by, while acting as a registered investment adviser, does not establish, maintain, and enforce written policies and procedures reasonably designed, taking into consideration the nature of such investment adviser's business, to prevent the misuse in violation of the Advisers Act or the Securities Exchange Act of 1934, or the rules or regulations thereunder, of material, nonpublic information by such investment adviser or any person associated with such investment adviser.

## DISGORGEMENT AND CIVIL PEANLTY

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are jointly and severally liable for disgorgement of $147,386.27, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $14,099, for a total of $161,485.27. Pursuant to Section 209(e) of the Advisers Act, GEI Financial is liable for a civil penalty in the amount of $450,000, Goldstein is liable for a civil penalty in the amount of $300,000, and Gatherum is liable for a civil penalty in the amount of $150,000. 15 U.S.C. § 80b-9. Defendants shall satisfy this obligation by paying $1,061,485.27 to the SEC within 14 days after entry of this Final Judgment. Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; GEI Financial Services, Inc., Norman Goldstein, and Laurie Gatherum as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Defendants relinquish all legal and equitable rights, titles, and interests in such funds and no part of the funds shall be returned to Defendants. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt and/or through other collection procedures authorized by law at any time after 14 days following entry

of this Final Judgment.  Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

This Judgment is hereby stayed until August 13, 2013.

This action was *(check one)*:

❏   tried by a jury with Judge _____ presiding, and the jury has rendered a verdict.

❏   tried by Judge _____ without a jury and the above decision was reached.

■   decided by Judge   Charles P. Kocoras on a motion for default judgment. _____

_____ .

Date:   <u>30 Jul 2013</u>         Thomas G. Bruton,  Clerk of Court

<u>/s/ Stephen C. Tokoph</u>
               Deputy Clerk

Page 5 of  5